# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 09-CV-5417 (JFB)(ETB)

AVORN PRATT,

Plaintiff,

VERSUS

THE STOP & SHOP SUPERMARKET COMPANY, LLC,

Defendant.

MEMORANDUM AND ORDER
February 9, 2011

JOSEPH F. BIANCO, District Judge:

Defendant, The Stop & Shop Supermarket Company, LLC ("defendant"), removed the complaint of *pro se* plaintiff Avorn Pratt ("plaintiff") from New York State Supreme Court, Suffolk County, to this Court on December 10, 2009 and, on April 22, 2010, the plaintiff filed an amended complaint.

The amended complaint alleges violations of the plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.A. § 621 *et seq*. More specifically, plaintiff claims that defendant discriminated against him based on his race, color, gender, religion and age by deducting union dues from his pay check. Plaintiff seeks to recover $255 million from the defendant.

Pending before this Court is a motion to dismiss the amended complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons that follow, the Court grants defendant's motion and concludes that dismissal of the amended complaint is warranted because plaintiff's claims: (1) are not timely asserted; and (2) even if they were timely, fail to state a claim because of the absence of any allegations stating a plausible claim that the deduction of union dues by the defendant was the result of unlawful discrimination.

## I. FACTS

The following facts are taken from the amended complaint ("Am. Compl.") and the documents attached thereto.[1] These facts are not findings of fact by the Court, but rather "are assumed to be true and are construed in the light most favorable to" the non-moving party. *Giardina v. Nassau Cnty.*, No. 08-CV-2007 (JFB) (WDW), 2010 WL 1850793, *1 (E.D.N.Y. May 7, 2010).

Plaintiff, who was then-employed by the defendant, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 10, 2005. (Am. Compl. at ¶ 10.) Plaintiff charged that he was "not paid correctly" and was "discriminated against while in employment" on account of his age with regard to the deduction of union dues by the defendant from plaintiff's pay. (Am. Compl. at unnumbered page included between typed numbered pages 4 and 5.)[2] By letter dated December 28, 2005, the EEOC advised plaintiff that, based on the information provided, "there is no apparent violation of the laws the EEOC has authority to enforce . . . [t]herefore the EEOC is closing its investigation of this Charge and no further action will be taken by the Commission." (*See* Exhibit annexed to the Am. Compl. as page 7.) The letter further warned plaintiff that, if he "wish[ed] to pursue this matter, you may file a lawsuit on your own in Federal District Court using the *Notice of Right to Sue* within **_90 days_** of your receipt of it." (*Id.*) (emphasis in original). The Notice of Right to Sue reflects that it was mailed to the plaintiff on December 29, 2005, (*see* Exhibit annexed to the Am. Compl. as page 8), and plaintiff alleged to have received it in December 2005. (Am. Compl. at ¶ 12.)

## II. PROCEDURAL HISTORY

On November 18, 2009, approximately four years after plaintiff received the Notice of Right to Sue from the EEOC, plaintiff filed a complaint in New York State Supreme Court, Suffolk County, against the defendant and the defendant removed the case to this Court on December 10, 2009.[3] As noted above, plaintiff amended his complaint on April 22, 2010 to allege only

---

1. Plaintiff attached several exhibits to the complaint. The Court may consider these exhibits in adjudicating defendant's motion to dismiss. *See, e.g., In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (explaining that, in adjudicating a motion to dismiss under Rule 12(b)(6), the Court may consider, *inter alia*, "documents attached to [the complaint] or incorporated in it by reference").

2. Plaintiff has not filed his administrative charge with the Court but has annexed to his amended complaint a one-page, undated, typed letter addressed to "the management of the Equal Employment Opportunity Commission" wherein plaintiff charged that the defendant's discrimination was based solely on plaintiff's age. Defendant has submitted a copy of the plaintiff's administrative charge as "Exhibit A" to its motion. The charge reflects that plaintiff complained only of discrimination based on his race, disability and lack of a four-year college degree. Accordingly, it is unclear whether plaintiff has properly exhausted his age discrimination claim at the administrative level. However, even assuming *arguendo* that this claim was properly exhausted with the other claims, it too is time-barred for the same reasons as the Title VII claim as set forth below.

3. Although difficult to discern, it appears that plaintiff's state court complaint sought to allege discrimination based on his age, race, color, national origin, sex, religion and unspecified disability pursuant to Title VII and the Equal Pay Act.

that the deduction union dues and an initiation fee from his pay was discriminatory based on his race, color, gender and religion under Title VII and his age under the ADEA. By letter dated April 26, 2010, the defendant requested that the Court schedule a pre-motion conference in anticipation of filing a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b). In response, plaintiff submitted an undated letter received by Judge Boyle's chambers on April 28, 2010 wherein plaintiff conceded that he authorized, with his signature, for the defendant to deduct the union membership fee and dues. Further, plaintiff acknowledged that the ninety-day time period for filing his complaint had long expired. According to the plaintiff, the reason he did not timely pursue legal action is because he continued to work for the defendant and feared retaliation. Defendant filed the motion to dismiss on May 27, 2010. In response, plaintiff filed a letter on both June 10 and June 11, 2010. The defendant filed its reply on June 15, 2010. The Court has fully considered the motion papers and arguments of the parties.

III. MOTION TO DISMISS

A. Standard of Review

As noted above, the defendant has moved to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), setting forth a two-pronged approach for courts deciding a motion to dismiss. The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obligated to construe the [plaintiff's] pleadings . . . liberally." *McClusky v. New York State Unified Court System*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010)

3

(citing *Iqbal*, 129 S. Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

## B. Discussion

Defendant contends that the plaintiff's amended complaint should be dismissed for three reasons: (1) the claims are not covered by either Title VII or ADEA; (2) the claims are time-barred, and (3) plaintiff waived any claim given his authorization for the deduction of union dues. The Court concludes that dismissal is warranted because plaintiff's claims are time-barred. Even assuming *arguendo* that plaintiff's claims were timely, plaintiff has failed to state a plausible claim that can survive a motion to dismiss.

### 1. Plaintiff's Title VII and ADEA Claims Are Time-Barred

Plaintiff clearly filed this action after the time period allotted by statute. A Title VII action must be commenced by a plaintiff within ninety days of his or her receipt of a Notice of Right to Sue ("right-to-sue letter") from the EEOC. *See* 42 U.S.C.A. § 2000e-5(f)(1); *see, e.g.*, *Johnson v. St. Barnabas Nursing Home*, 368 F. App'x 246, 248 (2d Cir. 2010) (allegation presented in an EEOC charge is timely only if a plaintiff commences a court action within ninety days of receipt of the EEOC right-to-sue letter). Similarly, ADEA claims must also be filed within in ninety days of receipt of a right-to-sue letter in order to be timely asserted. *See* 29 U.S.C. § 626(e); *see, e.g.*, *Presser v. Key Foods Stores Co-operative, Inc.*, 316 F. App'x 9, 11 (2d Cir. 2009) ("To be timely, ADEA claims must be filed within 90 days of receipt of a right-to-sue letter."). "A district court may not extend this 90-day limitations period 'by even one day' unless a 'recognized equitable consideration' justifies such an extension." *Jones v. City of New York Dept. of Housing, Preservation and Dev.*, No. 01 Civ. 10619 (AKH), 2002 WL 1339099, at *2 (S.D.N.Y. June 18, 2002) (quoting *Johnson v. A1 Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984). In this case, plaintiff received his right-to-sue letter in December of 2005 but filed this action in 2009, clearly after the ninety-day filing period expired.

There is no equitable consideration that justifies extending the limitations period in this case. It is well-settled that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Accordingly, courts have excused the failure to timely file an employment discrimination complaint in court where a plaintiff has received inadequate notice of his or her obligations or has been misled by affirmative misconduct of the defendant. *See, e.g.*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). In addition, the statutory time period for filing a federal lawsuit has been tolled during the pendency of an application for the appointment of *pro bono* counsel, *id.* at 151 (citing *Harris v. Walgreen's Distribution Ctr.*, 456 F.2d 588 (6th Cir. 1972)), or "where the court has led the plaintiff to believe that she had done everything required of her." *Id.* (citing *Carlile v. South Routt Sch. Dist. RE 3-J*, 652 F.2d 981 (10th Cir. 1981)); *see also South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11-12 (2d Cir. 1994) (the established equitable grounds warranting equitable tolling of the ninety-day limitations period for filing federal

4

employment discrimination claims include circumstances: (1) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," (2) "where the claimant has been induced or tricked . . . into allowing the filing deadline to pass," (3) "where the court has led the plaintiff to believe that she had done all that was required of her," (4) "where affirmative misconduct on the part of the defendant may have lulled plaintiff into inaction," (5) "where the claimant has received inadequate notice," and (6) "where a motion for appointment of counsel is pending.").

In the instant case, none of these circumstances are present. Specifically, the plaintiff admittedly filed his lawsuit almost four years after being issued the right-to-sue letter from the EEOC even though he was well-aware of the time limitation on filing suit in federal court. By letters received by the Court on April 28, June 10 and 11, 2010, plaintiff stated that he was aware of the ninety-day period in which he was supposed to file suit and admitted that he decided to hold off on pursing his legal rights. Plaintiff seeks to excuse his intentional inordinate delay by claiming that he feared retaliation for bringing a suit in district court because he continued to work for the defendant at that time. However, plaintiff alleges no facts that would support this rationale. Nor does plaintiff provide any legal support for his argument that fear of retaliation is a proper basis for tolling the statutory filing period and the Court is aware of none. The Court's own research has not revealed a single case where a court equitably tolled the ninety-day period for filing a federal lawsuit because the plaintiff claimed to fear retaliation. Instead, courts have determined that fear of retaliation is not a proper basis for equitable tolling of the ninety-day filing period. *See,* *e.g., Beckel v. Wal-Mart Assocs., Inc.*, 301 F.3d 621, 624 (7th Cir. 2002) (affirming dismissal of plaintiff's suit as time barred and holding that "a threat to retaliate is not a basis for equitable estoppel"); *Kirk v. Hitchcock Clinic*, 261 F.3d 75, 78 (1st Cir. 2001) (affirming dismissal of untimely Title VII claim and declining to apply equitable estoppel where plaintiff claimed she feared that she would lose her job if she filed sooner); *Carter v. W. Publ'g Co.*, 225 F.3d 1258, 1266 (11th Cir. 2000) ("Plaintiffs' purported fear of retaliation, however is not a ground for equitable tolling. Otherwise, the doctrine of equitable tolling would effectively vitiate the statutory time requirement because an employee could defer filing indefinitely so long as she had an apprehension about possible retaliation. This court cannot permit such circumvention of Title VII's express filing limitations. Furthermore, Title VII specifically protects employees against retaliation for filing a discrimination complaint. Therefore, the district court clearly erred in finding the doctrine of equitable tolling applicable to this case." (citations omitted) (collecting cases)); *Linkenhoker v. Rupf*, No. C-06-05432-EDL, 2007 WL 404783, at *6 (N.D. Cal. Feb. 2, 2007) ("Plaintiff's contention that she feared retaliation (which is in tension with her actions in lodging informal complaints) is not a ground for equitable tolling."). This Court agrees with the above-referenced cases and concludes that fear of retaliation is not grounds for equitable tolling. Of course, had plaintiff been a victim of retaliation based on his filing of a federal lawsuit, he could have amended his complaint to include a substantive claim of retaliation under either Title VII or the ADEA or both. *See* 42 U.S.C. § 2000e-3; 29 U.S.C. § 623(d).

Moreover, even if fear of retaliation could provide grounds for equitable tolling, plaintiff has failed to make such a showing in this case beyond his conclusory assertion. In fact, plaintiff's excuse is completely undermined by the fact that he filed an administrative charge while still employed by the defendant. Thus, he provides no explanation as to why his alleged fear of retaliation did not prevent him from filing the administrative charge, but somehow prevented him from filing the instant lawsuit. In other words, he provides no allegations of retaliation after he filed the administrative charge, or at any other time during his employment. *See, e.g., Olson v. Fed. Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014-15 (10th Cir. 2004) (Assuming *arguendo* that equitable tolling can be based on a reasonable fear of retaliation, plaintiff's generalized allegations of fear are insufficient to warrant equitable tolling.).

Accordingly, the Court finds that the plaintiff's reason for non-compliance with the statutory time limit for filing a federal employment discrimination complaint is without merit and does not justify application of equitable tolling. Given that plaintiff's complaint was inexcusably filed nearly four years beyond the statutory period, it is time-barred and is thus dismissed.

2. Plaintiff's Claims Fail on the Merits

The Court also concludes that, even assuming *arguendo* that plaintiff's claims are timely, they are not plausible and, thus, cannot survive a motion to dismiss. In particular, although plaintiff checks off the boxes on the amended complaint form for discrimination under Title VII and the ADEA, the amended complaint (as well as the EEOC charge) is completely devoid of any allegations whatsoever that plaintiff was subject to unlawful discrimination. Instead, it is abundantly clear from his EEOC charge and plaintiff's complaint that his real claim is not discrimination, but rather that the defendant should not have deducted his union dues from his paycheck. That alleged conduct, without any allegations that could provide a plausible claim for discrimination, is not cognizable under Title VII, the ADEA, or any other federal or state anti-discrimination statute. Thus, the amended complaint must also be dismissed as a matter of law for failure to state a claim.[4]

---

4. Defendant also argues that the claim is implausible because plaintiff authorized the deduction of union dues. In support of this argument, defendant relies on the following: (1) a form indicating that defendant authorized such deduction, and (2) an undated letter from plaintiff received by Judge Boyle's chambers on April 28, 2010 in response to defendant's request for a pre-motion conference. In that letter, plaintiff states "I Avorn Pratt no [sic] that I have authorize my signature giving my employer the ok to deduct membership fees . . . ." However, the Court need not reach the issue of whether the deduction of dues were authorized by plaintiff because the Court has already found that the complaint must be dismissed for the other reasons set forth *supra*.

## IV. Conclusion

For the reasons stated above, the defendant's motion to dismiss the amended complaint is granted. Plaintiff's claims are time-barred and are implausible. Accordingly, the amended complaint is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 9, 2011
      Central Islip, New York

\* \* \*

Plaintiff is representing himself *pro se*: Avron Pratt, 15 Eagle Road, Rocky Point, New York, 11778. The defendant is represented by: Saul D. Zabell, Zabell & Associates, P.C., 4875 Sunrise Highway, Suite 300, Bohemia, New York 11716.